[600 NYS2d 747]

In the Matter of RAYMOND R. BARLAAM, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 2, 1993

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* and *Etta Biloon* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained three charges of professional misconduct against the respondent. The petitioner moved to confirm the report of the Special Referee. The respondent has neither cross-moved nor submitted a response to the Grievance Committee's motion to confirm.

Charge One alleges that the respondent neglected a legal matter entrusted to him and engaged in conduct adversely reflecting on his fitness to practice law. The respondent was retained in or about late 1987 to handle the estate of Mildred C. Vidmar, who died on August 24, 1987. Joseph Meyer, the designated alternate executor, retained the respondent and paid a fee of $500. The estate consisted of approximately $14,000 in United States Savings Bonds and a checking account of approximately $4,000.

As of March 1991, decedent's will had not yet been admitted to probate. The respondent failed to ever have the will admitted to probate or to finalize decedent's estate before being discharged by the designated executor in or about the fall of 1991.

Charge Two alleges that the respondent engaged in conduct involving fraud, deceit or misrepresentation and conduct that adversely reflects on his fitness to practice law. On March 20, 1991, the respondent testified at the petitioner's offices regarding the estate of Mildred Vidmar. At that time, the respondent testified that he had last met with the nominated executor in February or March of 1989 and had advised the executor that the will had not yet been admitted to probate. The respondent had, in fact, advised the nominated executor in December 1988 that the will had already been admitted to probate.

Charge Three alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law with respect to his failure to complete the estate of Mildred Vidmar.

In March 1990, the Westchester County Bar Association issued a Letter of Caution to the respondent regarding his handling of the estate of Mildred Vidmar, conditioned upon his completion of the estate work within six months. The respondent failed to complete the estate work within six months as directed.

On June 7, 1991, the petitioner Grievance Committee issued a Letter of Admonition to the respondent regarding his handling of the Mildred Vidmar estate conditioned upon his completion of the estate by September 1, 1991, including the distribution of assets and submission of proof of completion by that date. The respondent failed to complete administration of the estate by September 1, 1991.

By letter dated September 5, 1991, the petitioner's counsel requested that proof of completion of the subject estate be submitted no later than September 20, 1991. The respondent failed to submit proof of completion by that date as well.

After reviewing all of the evidence adduced, including the respondent's admissions of all factual allegations of the petition, we find that the Special Referee properly sustained the three charges of professional misconduct against the respondent. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigating factors advanced by the respondent, including personal problems and family illnesses. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Raymond R. Barlaam, is hereby censured for his misconduct.